The judgment of the court was pronounced by
Preston, J.
The succession of Susanne Metoyer, a free woman of color, was opened in the parish of Natchitoches in the year 1838. An inventory of her property was made ; the appraisement amounting to the sum of §35,904. Some of the heirs being minors, a family meeting was convened, which recommended that the succession should be accepted on their behalf under benefit of inventory, and that the property should be sold at the time and upon terms and conditions which they specified. The succession was thus accepted, the proceedings of the family meeting homologated, an administrator appointed, and the property sold on the 15th of February, 1839, for the purpose of making a partition among the heirs. The administrator rendered his account, not only of his administration, but making a partition among the heirs of the estate amounting to upwards of sixty thousand dollars; thereby showing the sales to have been extremely favorable to the heirs. The account and partition, after due publications, was approved and homologated, and the heirs, including the intervenors, were paid their respective portions of the estate early in the year 1840.
*623 The intervenors in this suit seek to annul the sales, not because they were unfavorable to them, and to rescind the partition, not because there was any error in it, but because the probate judge, who made the sale, employed a person to cry off the property at auction, and did not mount the stand and perform that duty himself, which they contend was a clear violation of article 2600 of the Civil Code, defining a judicial sale of succession property to be one made by the judge or clerk of the court to which this jurisdiction is specially confided. We think this was strictly a ministerial duty which the judge might employ a confidential person to perform for him.
At all events, his formal approval of the adjudications, the judgment homologating the administrator’s account of the proceeds of the sales, and their partition among the heirs, the receipt of their portions of the estate by the heirs, their acquiescence for seven years in all the proceedings ; and the prescription of five years against all informalities in public sales, cures so unimportant a want of formality as that upon which this intervention is based.
It is therefore dismissed, and the intervenors condemned to pay the costs of this appeal, and of their intervention in the district court.